IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FAIRLY EARLS,

                Plaintiff,                          OPINION AND ORDER

   v.

                                                 20-cv-816-wmc

KARI BUSKE and
JOY MERBACH,

                Defendants.

---

*Pro* se plaintiff Fairly Earls, who is currently incarcerated at Columbia Correctional Institution, filed this civil lawsuit under 42 U.S.C. § 1983, claiming that defendants violated his rights under the Eighth and Fourteenth Amendments and Wisconsin law by falsifying information in his prison record. He also filed, on January 25, 2021, a letter asking the court to issue an "emergency order" directing the defendants to cease and desist all illegal activity towards him. (Dkt. #5.) As this letter includes additional facts related to defendant Merbach, the court construes it as a supplement to the complaint, as well as a request for a preliminary injunction. This complaint, as supplemented, is now before the court for preliminary review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, while the court concludes that Earls' complaint must be dismissed for failure to state a claim upon which relief may be granted, the court will grant him 21 days to file an amended complaint that comports with the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. His motion for a preliminary injunction will be denied.

ALLEGATIONS OF FACT[1]

At all relevant times, plaintiff Fairly Earls was incarcerated at Columbia Correctional Institution ("CCI"). Defendants are Kari Buske, an Offender Classification Specialist at Fox Lake Correctional Institution, and Joy Merbach, a Bureau of Classification Movement ("BOCM") Sector Supervisor with the Wisconsin Department of Corrections. Earls seeks to proceed against them in their individual and official capacities.

On or about January 15, 2020, the CCI classification review committee reviewed Earls' institution record and unanimously determined that Earls was appropriate for a reduction from maximum to medium custody placement. Defendant Buske was not on Earls' classification committee and did not take part in this decision. However, on or about January 17, 2020, Buske included in Earls' classification record a notation indicating that Earls had an "escape history." (Earls does not explain why Buske, a classification employee at a different institution, was reviewing his classification record after the committee at CCI had already unanimously recommended a reduction to medium security.) This information was false: Earls has never been adjudged guilty of any escape crime and has never received a major conduct violation in his 16 years as a DOC inmate. Buske then relied on the false "escape history" to "override" the decision by the CCI classification review committee and to maintain Earls in maximum custody, a decision she was not authorized to make. Earls brought this to defendant Merbach's attention, but she refused to correct the false information in Earls' record.

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

As a result of the false information in his prison record, Earls has been retained at a maximum security institution.

Sometime between December 10, 2020, and January 7, 2021, defendant Merbach directed "Ms. Fields[,] a Classification employee at the Female Taycheeta Correctional Institution," to "Intimidate, Harass and Cause Harm to the Plaintiff" by "Overriding and Denying the Plaintiff more Freedom Liberty at a Medium Correctional Institution." (Mot. (dkt. #5) 2.)  Earls alleges that Merbach did this in retaliation for his filing of this civil complaint against Merbach.  However, as he did with defendant Buske, Earls does not explain why Fields, a classification employee at a female prison, would have been reviewing his security classification, or whether she was authorized to approve him for medium security.

OPINION

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To comply with this rule, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] plaintiff has the obligation to provide the factual 'grounds' of [her] entitlement to relief (more than 'mere labels and conclusions'), and a 'formulaic recitation of a cause of action's elements will not do.'"  *Bissessur v. Ind. Univ. Bd. Of Trs.*¸ 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 547).

Earls frames his claims as ones under the Eighth and Fourteenth Amendments and for state law negligence.  However, because *pro se* plaintiffs are generally not required to plead legal theories in their complaints, *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005), the court considers additional legal theories that *might* be supported by the facts that Earls provides and explains why his current allegations do not support a claim for relief.

## I.  Eighth Amendment

First, Earls contends that defendants are "punishing" him by denying him medium security classification based on the erroneous "escape history" information in his classification record.  However, Earls' allegations do not state a claim for an Eighth Amendment violation because none of his allegations suggest that his continued maximum security status caused him to endure conditions that fell below the minimal civilized measure of life's necessities or subjected him to a substantial risk of serious harm.  *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (To prevail on Eighth Amendment claim, prisoner must show that he was subject to conditions which denied him "the minimal civilized measure of life's necessities.") (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The fact that maximum security is more restrictive than medium is not cruel and unusual punishment.  Accordingly, he is denied leave to proceed on an Eighth Amendment claim.

## II.  Fourteenth Amendment Due Process

Likewise, Earls fails to state a viable cause of action for denial of due process.  Such

4

a claim requires him to show that "that the State deprived him of a protected liberty or property interest and that the deprivation occurred without adequate due process." *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 926–27 (7th Cir. 2007).  However, it is well-settled that an inmate does not have a protected interest in a particular security classification. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments.") (internal citations omitted); *see also Healy v. Wisconsin*, 65 F. App'x 567, 568 (7th Cir. 2003) ("inmates do not have a protected liberty interest in a particular security classification"); *Fields v. Cartwright*, No. 13-cv-01305-JPG, 2014 WL 201531, at *2 (S.D. Ill. Jan. 17, 2014) ("No constitutional claim arises from Plaintiff's reclassification as a 'high' escape risk."); *Reddin v. Israel*, 455 F. Supp. 1215, 1219 (E.D. Wis. 1978) ("Absent a statutory right created by the State of Wisconsin, the plaintiff has no constitutionally protected liberty or other interest in his prisoner classification or eligibility for rehabilitation programs, even when imposition of a particular classification or denial of eligibility for certain programs causes a grievous loss.").  Accordingly, absent a protected interest in his security classification, Earls cannot maintain a Fourteenth Amendment due process claim.

## III.  Breach of DOC Policies

Earls contends that defendants violated Department of Corrections policies related to reclassification decisions, but breaches of DOC rules and regulations are not alone grounds for a constitutional claim.  *Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit."); *Wilson*

*v. Dittmann*, 732 Fed. App'x 475, 477 (7th Cir. 2018) ("A breach of DOC regulations or policies is not a ground for a federal civil-rights suit.").  In addition, violations of prison policies do not give rise to state law claims over which this court may exercise supplemental jurisdiction.  Under state law, prison rules and regulations do not provide a right of action for violations unless the legislature has granted such a right, and this court is not aware of any state statute that grants such a right in this case.  *Holm v. Dittman*, No. 16-cv-781-bbc, 2017 WL 455444, at *2 (W.D. Wis. Feb. 2, 2017);*see also Stinson v. Schueler*, dkt. #24 at 8-9, case no. 19-379- jdp (W.D. Wis. Feb. 10, 2020) (finding same).  Therefore, Earls may not proceed on any claim related to defendants' alleged violation of department policies and procedures.

## IV.  Fourteenth Amendment Equal Protection

Earls also contends that defendants' actions have caused a "disparity between those given Medium Custody," which he claims violates "14th Amendment Due Process and Equal Protection."  The court has already explained that Earls lacks a protected liberty interest in his security classification and therefore fails to state a claim under the Due Process Clause of the Fourteenth Amendment.  He fares no better under the Equal Protection Clause.  To establish a prima facie case of discrimination under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must at least allege that he was:  (1) "a member of a protected class"; (2) "otherwise similarly situated to members of the unprotected class"; and (3) "treated differently from members of the unprotected class."  *Brown v Budz,* 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chi. Transit*

*Auth.*, 10 F.3d 501, 513 (7th Cir. 1993)).  Earls has not alleged that he is a member of a protected class, nor that he was treated differently from members of the unprotected class. Moreover, he does not plead any facts to suggest that defendants included the allegedly false information in his prison record for the purpose of discriminating against him on account of race, religion, or national origin.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009).

Perhaps Earls means to bring what's known as a "class-of-one" equal protection claim, which typically involves a public official who, "with no conceivable basis for his action other than spite or some other improper motive . . . comes down hard on a hapless private citizen."  *Swanson v. City of Chetek*, 719 F.3d 780, 784 (7th Cir. 2013) (alteration in original; internal quotation marks omitted);*see also May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000) ("In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest.").  But such claims require the plaintiff to show that defendants treated him differently from others who were similarly situated and that there was no rational basis for the difference in treatment.  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  In order to state a claim in this context, plaintiff "must allege facts sufficient to overcome the presumption of rationality that applies to government classifications."  *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 639 (7th Cir. 2007).

Although Earls arguably alludes to a lack of rational basis when he asserts that defendants acted outside their authority and "overrode" the CCI committee's

7

recommended reduction to medium security, his allegations nonetheless fail to support a class-of-one equal protection claim.  First, Earls has not identified, much less suggested that there are, any other inmates who were similarly situated to him but whom defendants treated differently.  Second, his allegations concerning defendants' actions are too vague to support an inference that they lacked a rational basis for their actions.  (In his supplement, he asserts that defendant Merdach is attempting to harass and intimidate him by rejecting his requests for custody reduction, but these are conclusory allegations not grounded in any facts.)  Notably, Earls does not explain how Buske and Fields, both employees at *different* DOC institutions who appear to have had no day-to-day interactions with Earls, acted out of spite or improper motive.  Certainly, the complaint contains too few facts to permit an inference that Earls is being subject to "harassment by public officials that has no conceivable legitimate purpose."  *See Geinosky v. City of Chi.*, 675 F.3d 743, 748 (7th Cir. 2012).  Accordingly, it fails to state a class-of-one equal protection claim.

Normally, the failings in plaintiff's pleading would require dismissal of this claim, but out of deference to plaintiff's *pro se* status, the court will give plaintiff an opportunity to amend his complaint to provide more specific, factual information about each defendant's alleged involvement in decisions concerning his security classification, as well as any other facts to show that (1) he was intentionally treated differently from others similarly situated, and (2) there is no rational basis for the difference in treatment.  Before amending his complaint, however, Earls should be aware that "[c]lass-of-one equal protection claims are very difficult, if not impossible, to prove in the context of an official's discretionary decision-making." *Nigl v. Litscher*, 378 F. Supp. 3d 729, 740 n.8 (E.D. Wis.),

*aff'd*, 940 F.3d 329 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 2772 (2020); *Atkinson v. Mackinnon*, No. 14-CV-736-BBC, 2015 WL 506193, at *1 (W.D. Wis. Feb. 6, 2015) (prison disciplinary decisions not subject to equal protection challenge) (citing *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603–04 (2008) (class-of-one equal protection claims not available for discretionary decisions "based on a vast array of subjective, individualized assessments.")).  Therefore, Earls would be wise to abandon this claim unless he has a good faith basis to believe that he can prove that defendants had no rational basis for treating him differently than other similarly situated inmates and instead singled him out for differential treatment based on spite or some other improper motive.

## V.  Retaliation

In his supplement, Earls alleges in vague terms that defendant Merbach harmed him in retaliation for filing this lawsuit.  To state a claim for retaliation under the First Amendment, a plaintiff must establish three elements: (1) he engaged in a constitutionally protected activity; (2) the defendant took a retaliatory action that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) sufficient facts make it plausible that the protected activity was a motivating factor for the retaliation.  *Bridges v. Gilbert*, 557 F.3d 541, 556 (7th Cir. 2009).  Although the filing of a lawsuit undoubtedly constitutes protected First Amendment activity, Earls fails to state a retaliation claim for two reasons.  First, he has alleged no facts to suggest that Merbach was aware that he filed this lawsuit, meaning that he cannot show that his protected activity was the motivating factor for her alleged retaliation.  Indeed, given that the court had not granted leave for

plaintiff to proceed on any claims against her, it is unreasonable to infer her knowledge of this action.  Second, Earls does not assert any facts concerning Merbach's actions from which to infer that they were sufficiently severe so as to deter a person of ordinary firmness from engaging in the protected activity.  Although Earls alleges that Merbach instructed another employee, Fields, to deny him placement at a medium security correctional institution, the facts set forth in his complaint are simply too vague and conclusory to support an inference that Fields even had the authority to grant such placement or that, even if she did, Merbach did not have legitimate reasons to direct Fields to deny Earls' request.

As with the class-of-one equal protection claim, the court will allow Earls the opportunity to file an amended complaint that sets out facts addressing these deficiencies, provided he has a good faith basis for doing so.

## VI.  Negligence

Earls also seeks to bring a claim under Wisconsin law for negligence, but this court would exercise supplemental jurisdiction over this claim only if Earls states a viable constitutional claim.  28 U.S.C. § 1367(a).  Accordingly, the court will not consider whether Earls states a viable state law claim unless and until he submits an amended complaint that fairly alleges a federal constitutional claim.

## VII.   Request for "Emergency Order"

Finally, Earls asks the court to issue an "emergency order" directing defendants to "seize [sic] and desist all activity and conduct to cause a Harm to the Plaintiff."  (Dkt. #5.)

10

However, plaintiff's motion does not comply with this court's procedures for obtaining preliminary injunctive relief, a copy of which will be provided to plaintiff with this order. Under these procedures, a plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings. Plaintiff has neither submitted proposed findings of fact nor cited any evidence to support those findings.

Even if plaintiff's motion was not flawed on its face, it is denied on the merits at this time. To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). Since plaintiff has yet to satisfy the requirements of Rule 8, it follows that he has not yet shown a likelihood of success on the merits of his claims.

## ORDER

IT IS ORDERED that:

1)      Plaintiff Fairly Earls' complaint is DISMISSED without prejudice for failure to meet the requirements of Federal Rule of Civil Procedure 8. Plaintiff may have until May 20, 2021, to submit an amended that complies with Rule 8 and addresses the deficiencies described above. Plaintiff should use the legal standards set forth above as guidelines.

2)      If Earls does not file an amended complaint as directed, this case will be closed without further notice. Any amended complaint will be screened in accordance with

28 U.S.C. § 1915(e)(2).  If the amended complaint fails to comply with this order, the court will dismiss the complaint and this action for failure to state a claim upon which relief can be granted.

      3)      Plaintiffs' motion for an emergency order (dkt. #5) is DENIED without prejudice.

      4)      The clerk of court is directed to send plaintiff a copy of the court's procedures for obtaining preliminary injunctive relief along with this order.

      Entered this 29th day of April, 2021.

                    BY THE COURT:

                    /s/

                    _____

                    WILLIAM M. CONLEY
                    District Judge