IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FAIRLY W. EARLS,

                    Plaintiff,                    OPINION AND ORDER

    v.

                                          20-cv-816-wmc

KARI BUSKE and
JOY MERBACK,

                    Defendants.

---

*Pro se* plaintiff Fairly W. Earls, currently incarcerated at Columbia Correctional Institution, filed this proposed civil action alleging that defendants violated his constitutional and state law rights by falsifying information in his prison record. After the court issued an order explaining why Earls' initial complaint had failed to state a claim and warning him that this lawsuit would be dismissed if he failed to address the noted deficiencies in an amended complaint (dkt. #10), Earls took the opportunity to file an amended complaint (dkt. #11). Unfortunately, for the following reasons, Earls' amended complaint cannot be screened to go forward either. Therefore, this lawsuit must be dismissed for failure to state a claim upon which relief may be granted.[1]

---

[1] Having screened the amended complaint, the court will deny as moot Earls' motion for prompt hearing and request for counsel. (Dkt. #12.) Moreover, because the court will dismiss all claims over which it has original jurisdiction, the court has also declined to exercise supplemental jurisdiction over plaintiff's proposed state law negligence claims in accordance with 28 U.S.C. § 1367(c)(3) and has not considered those claims for purposes of screening. *See Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015) ("The general rule, when the federal claims fall out before trial, is that the [district court] should relinquish jurisdiction over any supplemental (what used to be called 'pendent') state law claims in order to minimize federal judicial intrusion into matters of purely state law" (internal citation omitted)).

ALLEGATIONS OF FACT[2]

The factual allegations in Earls' amended complaint do not vary materially from those in his original complaint.  As in the initial pleading, Earls indicates that he is incarcerated at Columbia and wishes to proceed against Kari Buske, an Offender Classification specialist at Fox Lake Correctional Institution, and Joy Merbach, a Bureau of Classification Movement Sector Supervisor with the Department of Corrections.

Earls alleges that he is being kept in maximum security custody placement based on incorrect information in his classification record that defendants know is wrong but refuse to correct.  Specifically, on or about January 15, 2020, Earls alleges that Columbia's classification review committee unanimously recommended that his custody placement be reduced to medium security, a status allowing for "more liberties."  (Dkt. #10 at 18.)  Two days later, Buske noted in Earls' classification record that he had an "Escape History," and relied on this information to "override" the classification review committee's recommendation and keep him in maximum security, a decision Buske was not authorized to make.  (*Id.* at 11, 13.)  Even worse, Earls alleges that this information is false because he has never been convicted of escaping or trying to escape from custody or received any major conduct violation in his 16 years as an inmate, nor is there any "escape history" annotation in the offense history section of his presentence report, which Buske would have reviewed.  Although Earls informed Merbach, this supervisor concluded that the "history is accurate as indicated" and refused to correct the problem.  (*Id.* at 15.)  Like Buske, Merbach also relied on that allegedly false information in declining to reduce Earls'

---

[2] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

custody placement status.

OPINION

As before, plaintiff asserts that defendants have subjected him to cruel and unusual punishment and denied his due process rights in violation of the Eighth and Fourteenth Amendments respectively.    He further alleges that defendants' conduct violates Department of Corrections ("DOC") regulations and is negligent under Wisconsin law.[3] However, plaintiff's allegations still fall short of stating a claim under either constitutional theory, and the legal authority he cites in his amended complaint does not change the outcome.

## I.  Eighth Amendment Cruel and Unusual Punishment

The court begins with plaintiff's claim that defendants are punishing him by imposing "[a] more restrictive custody" status based on a false "escape history" notation in his institution record.  (Dkt. #11 at 8.)  The Eighth Amendment prohibits cruel and unusual punishment and applies to the states through the Due Process Clause of the Fourteenth Amendment.  To prevail on this Eighth Amendment claim, plaintiff must show that defendants denied him "the minimal civilized measure of life's necessities" or subjected him to a substantial risk of serious harm by keeping him in maximum custody placement, *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), and that defendants "acted with a culpable state of mind," *Gillis v. Litscher*, 468 F.3d 488, 492 (7th Cir. 2006).

---

[3] In his initial complaint, plaintiff also referenced the Equal Protection Clause of the Fourteenth Amendment (dkt. #1 at 5), but does not renew it or his retaliation claim in his amended pleading. Accordingly, the court presumes plaintiff has abandoned these claims and will not address them here.

Plaintiff still does not attest in any detail to the conditions of his current custody placement status. Although there is no definitive test to determine whether conditions of confinement are cruel and unusual under the Eighth Amendment, the following kinds of alleged conditions have been found sufficiently serious to constitute a possible violation: (1) being housed in a cell with broken windows, exposed wiring, extensive rust, sinks without running water, toilets covered in mold and a broken heating system, *Budd v. Motley*, 711 F.3d 840, 841-42 (7th Cir. 2013); (2) being required to sleep on a moldy and wet mattress for 59 days, *Townsend v. Fuchs*, 522 F.3d 765, 768, 773-74 (7th Cir. 2008); (3) being subjected to a lack of sanitary conditions, including clean bedding, *Gillis*, 468 F.3d at 493-94; (4) having to live for 16 months in a cell infested with cockroaches that crawled over the prisoner's body, *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996); and (5) living in a cell in which with mold and fiberglass in the ventilation ducts caused the plaintiff severe nosebleeds and respiratory problems, *Board v. Farnham*, 394 F. 3d 469, 486 (7th Cir. 2005). In stark contrast, plaintiff generally alleges that medium security status is less restrictive and offers more privileges than maximum security. (Dkt. #11 at 4.) But as the court noted in its prior order, that allegation merely states the obvious -- it does not permit an inference that the more restrictive status at Columbia constitutes cruel and unusual punishment per se. (Dkt. #10 at 4.) Accordingly, plaintiff has again failed to plead sufficient facts to proceed on this claim.

## II. Fourteenth Amendment Due Process

Plaintiff's due process claim is also a nonstarter. To succeed, plaintiff must show that he is being deprived of a protected liberty interest without adequate due process. *Salas*

*v. Wis. Dep't of Corr.*, 493 F.3d 319, 926-27 (7th Cir. 2007). The Supreme Court has explained that a prisoner's cognizable liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Although plaintiff alleges that he has a constitutionally protected liberty interest in avoiding the most restrictive custody placement, he alleges no facts suggesting atypical and significant hardship, a high bar in any event. *See, e.g.*, *Thomas v. Ramos*, 130 F.3d 754, 757-58, 760-61 (7th Cir. 1997) (inmate not deprived of liberty interest when he spent 70 days in 24-hour segregation in a locked cell without access to prison programs or exercise, and little contact with other people); *Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) (same when inmate spent six months in segregation behind a steel door with a confrontational cellmate and had only weekly access to shower and prison yard); *Earl v. Racine County Jail*, 718 F.3d 689, 691 (7th Cir. 2013) (same when inmate spent five days in protective segregation with a suicide-proof blanket, with reduced access to writing and eating utensils, and with heavy monitoring).

And it is well-settled in this circuit that decisions regarding whether an inmate belongs in minimum, medium, or maximum security are not sufficient to create a liberty interest. *See DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property [interests] in their classifications and prison assignments"); *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995) ("A prisoner has no due process right to be housed in any particular facility"); *Healy v. Wisconsin*, 65 F. App'x 567, 568 (7th Cir. 2003) ("inmates do not have a protected liberty interest in a particular security

classification"); *see also Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (changing a prisoner's security classification ordinarily does not implicate a liberty interest because prisoners are "not entitled to a particular degree of liberty in prison"); *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) ("generally speaking, a prisoner has no liberty interest in his custodial classification"); *Workman v. Wilkinson*, 23 F. App'x 439, 440 (6th Cir. 2001) (inmate's security reclassification and transfer did not create a liberty interest because "heightened security status is one of the ordinary incidents of prison life"); *Taylor v. Levesque*, 246 F. App'x 772 (2d Cir. 2007) (prisoner did not have a protected liberty interest in his security classification).

Rather than additional factual allegations, plaintiff marshals out-of-circuit caselaw in his amended complaint in support of this claim.  (Dkt. #11 at 3-5.)  Even if those decisions were binding on this court, they generally recognize a constitutional claim when an inaccuracy is used to deprive the person of freedom from restraint or effect the duration of a sentence, such as in parole, probation, or good-time credits decisions as opposed to security classification.  *E.g.*, *Paine v. Baker*, 595 F.2d 197, 202 (4th Cir. 1979) (liberty interest is at stake when considering parole, probation, or statutory good-time credits); *Pruett v. Levi*, 622 F.2d 256, 258 (6th Cir. 1980) (the "mere existence" of an inaccuracy is not enough to state a constitutional claim; false information must be "used to deprive the person of liberty, such as parole or probation").  Because plaintiff has again failed to allege the violation of a liberty interest, his due process claim must be dismissed.

## III.  Violations of DOC rules and regulations

Plaintiff will not be allowed to proceed on his remaining theory of relief either.

Briefly, plaintiff contends throughout his amended complaint that defendants violated DOC rules and regulations related to reclassification decisions, but such breaches alone do not provide grounds for a constitutional claim. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) (a violation of Wis. Admin. Code § DOC 309.04 "is not a ground for a federal civil rights suit"); *see also Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 protects plaintiffs from constitutional violations, not "departmental regulations and police practices"); *Wilson v. Dittmann*, 732 F. App'x 475, 477 (7th Cir. 2018) (citing *Guajardo-Palma* and noting that "a breach of DOC regulations or policies is not a ground for a federal civil-rights suit").

For these reasons, plaintiff's amended complaint must be dismissed.


ORDER

IT IS ORDERED that:

1) Plaintiff Fairly W. Earls' motion for a prompt hearing and request for counsel (dkt. #12) is DENIED as moot.

2) Plaintiff is DENIED leave to proceed, and this case is DISMISSED for failure to state a federal claim upon which relief can be granted.

3) The clerk of court is directed to record a "strike" against plaintiff under 28 U.S.C. § 1915(g), enter judgement in favor of defendants and close this case.


Entered this 27th day of January, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge